```
 1
 2
 3
 4
 5
 6
 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR 3-10-70293 BZ |
| v. | ) | |
| MICHAEL BULGER, | ) | **ORDER OF DETENTION PENDING TRIAL** |
| Defendant(s). | ) | |

This matter came before the Court on April 22, 2010 for a detention hearing. The defendant, Michael Bulger, was present and represented by Deputy Federal Public Defender Daniel Blank. Assistant United States Attorney Anna Pletcher appeared for the government.

Having considered the parties' proffers, and the Pretrial Services report which recommends detention, I find that the government has met its burden of showing that the defendant is a risk of flight and a danger to the community, and that no conditions of release will reasonably assure his appearance or the safety of the community. In so finding, I have considered the following factors:

1. The defendant does not have any strong ties to this community. He has only lived in the area approximately two years, and until that time he lived in Alabama, where most of his family still resides. He also does not have a history of stable residence or employment.

2. The defendant has a history of drug abuse, and reported that he was using drugs and alcohol up until ten months ago, which is shortly before he became incarcerated.

3. The defendant has a lengthy criminal history, which includes numerous failures to appear and criminal convictions such as drug possession and felony robbery. Many of the defendant's offenses, including the conduct charged in this case, occurred while he was on probation, and his terms of probation have been revoked several times in the past. In 1996, the Northern District of Alabama imposed a custodial term following a revocation of supervised release. The government also proffered that, while on probation in 2009, the defendant traveled to Alabama, failed to report his travel, committed two crimes, and failed to return to California. The defendant has also used various aliases in the past. These facts indicate that he is not amenable to supervision and cannot refrain from illegal activity even when supervised.

4. The release proposal of an unsecured bond and a residential drug treatment facility is insufficient to assure the defendant's appearance or the safety of the community. The defendant has been unsuccessful in completing treatment in the past, and he has offered no viable sureties. The

defendant's record indicates that he would be a danger to the community and a risk of nonappearance if he were released on these terms.

5.  I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk and that the proposed conditions of release will not reasonably assure his appearance, and of showing by clear and convincing evidence that the defendant is a danger to the community, and that no conditions of release will reasonably assure the safety of the community.

Based on the foregoing, the government's motion for detention is **GRANTED.  IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 22, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2010\BULGER DETENTION ORDER.wpd

3